THOMAS, Justice.
The chronology of procedure followed in this controversy is somewhat baffling.
The claimant was injured 21 September 1959. On 6 December 1960 her claim against The Fruit Bowl, Inc., was dismissed by the then deputy commissioner, Jack A. Falk, without prejudice for want of prosecution. On 18 January 1961 claimant’s counsel by letter addressed to this deputy presented a claim for “TTD and/or TPD and/or PPD, further orthopedic consultation, continued treatment if in order, determination of maximum improvement date if reached, determination of average weekly wage, reimbursement of medical expense, reimbursement of medication and transportation expense, penalties and interest, a reasonable attorney’s fee and other benefits under Chapter 440, F.S., to which she [claimant-Louella Cheathem] may be entitled.”
A hearing was conducted 29 March 1961 by a successor deputy, Norman S. Pallot, at which the attorney for the claimant represented that there was no desire further to press the claim, and it was stipulated by the parties that the attorney for the claimant was entitled to a fee of $330, that claimant should be reimbursed for transportation costs of $27.45 and for medication in the amount of $100.75. It was further stipulated that the charge of a named physician for services between 25 September and 7 December 1959 should be borne by the carrier. Accordingly the deputy effectuated these payments 2 August 1961.
His order concluded with the pronouncement “that this claim is in all other respects denied and dismissed.”
So, to summarize, the claim was dismissed for lack of prosecution; it was heard anew about four months later; it was again dismissed after the items specified were allowed.
But the matter was not then at rest. On 10 October 1961 the attorney made a demand in essential details the same as the one of 18 January of that year, notwithstanding the order disposing of the latter by denying and dismissing the claim. In tire latter request the attorney stated that inasmuch as it was anticipated the carrier would furnish the benefits detailed, no hearing was immediately desired.
About four months after this last request, counsel demanded a hearing because the carrier had failed to supply the benefits as had been expected.
Then came a hearing by a third deputy, Herbert J. Teller, in May 1962, ostensibly on the merits and irrespective of the judgment of 2 August 1961. It culminated in an order, 6 July 1962, reciting resistance on the part of the employer on the ground there had been no change in claimant’s condition and no mistake in a determination of fact. Sec. 440.28, Florida Statutes, F.S.A.
Even so the deputy found that claimant’s condition had worsened in the intervening months and that as a consequence she had incurred expenses for varied medical treatment which was particularized.
The deputy found that such medical attention was necessary. He ordered that the employer, through the carrier, provide the claimant with such care as was needed. Determination of the medical expense to accrue and the amount of attorney’s fee was held in abeyance.
The employer and carrier sought before the Full Commission a reversal of the final order on the principal grounds that the order was not supported by competent substantial evidence; that in reaching it the deputy commissioner had veered from the essential requirements of law; that the deputy had not indicated whether his conclusions were prompted by a mistake in fact or a change of condition; that findings of fact as required by Sec. 440.25 had not been made; and that the order of 2 August 1961 had been ignored.
The Full Commission felt that the findings of the deputy — the third one, that is,— were supported by competent substantial evidence so they put their stamp of approv *867 al upon it. But in getting to the conclusion they followed certain reasoning which we find it impossible to accept. In doing so the Full Commission commingled, in a sense, their discussion of the order of 2 August 1961, the need to proceed under Sec. 440.28, supra, and the allied matter of failure of the deputy to follow the essential requirements of law. This makes it difficult to segregate the points on which the employer and carrier were relying for reversal.
We will not pause to discuss the presence or absence of competent substantial evidence to establish the facts related by the deputy. But the question of observance of the essential requirements of law is a different matter and may not be easily dismissed.
In their order, the Full Commission adopted the premise that it was “not necessary for a party to resort to the provisions under Sec. 440.28 (modification) with respect to matters not adjudicated by a prior Order.” Then the Commission proceeded to belittle the order of 2 August 1961, by saying all it “did was to confirm a stipulation of the parties that the employer and carrier would pay costs of remedial expenses which had been incurred.” This was followed by the criticism that the deputy should not have “denied” the claim but only dismissed it which would by analogy have resembled a nonsuit at law. We do not so construe the order and by rejecting this interpretation, the conclusion of the Full Commission is badly shaken.
The deputy serving at the time recited that counsel for claimant represented that neither he nor the claimant wished to pursue the claim and that no testimony was taken to support it. The parties stipulated ■about the fee and the three items of expense for transportation, drugs and a certain physician’s services. The deputy faithfully followed the stipulation and concluded with the denial and dismissal of the claim.
It is perfectly clear to us that he acted with propriety and that thus was entered an adjudication of the claim. Moreover, the order was never challenged by application for review. The claimant, then, ignoring this determination filed another claim as if nothing in that regard had transpired before.
The record discloses that at the outset of the hearing it developed in a colloquy among deputy and attorneys that the present petitioners were taking the position there had been neither a change of condition nor a mistake of fact while the deputy plainly expressed his view that the order of 2 August 1961 from which no appeal had been taken left him no power over the controversy except by modification under Sec. 440.28. We think this was the correct view and that the position of the claimant was not buttressed by the rather nebulous statement of his attorney, during the exchange: “Well, let me claim in the alternative then. For further medical and/or modification on the basis of a change in condition and/or mistake in determination of facts.”
The order of 2 August 1961 was an adjudication which became final when the period for appeal expired 20 days later, Sec. 440.25, Florida Statutes, F.S.A., and the effect of it could have been changed only pursuant to the provisions for modification. Certainly there was no justification for ignoring that order and, attempting to press the claim precisely as if nothing in respect of it had taken place by filing a later and similar demand.
The procedure in the presentation and determination of claims under Workmen’s Compensation Law is relatively simple but that rule does not warrant such departure from the specified procedure and the rulings of the Commission and the decisions of the courts construing the act as appears to have been done in the instant case.
We are convinced that the foundation for the last deputy’s order and the Commission’s order confirming it fail; that the latter must be quashed with directions to proceed from the deputy’s order of 2 August 1961 in the event a petition on the basis of *868 a change in condition or mistake of fact under Sec. 440.28, supra, shall be presented.
TERRELL, Acting Chief Justice, and ROBERTS, O’CONNELL and CALDWELL, JJ., concur.