167 So.2d 563 (1964)
FOOD FAIR STORES, INC., a Self-Insurer, Petitioner,
v.
Louis TOKAYER and the Florida Industrial Commission, Respondents.
No. 33319.
Supreme Court of Florida.
September 23, 1964.
Dean, Adams & Fischer and Anthony Reinert, Miami, for petitioner.
Richard A. Sicking and Kaplan, Ser, Abrams & O'Malley, Miami, for Louis *564 Tokayer; Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for Florida Industrial Commission, respondents.
THOMAS, Justice.
The claimant suffered a myocardial infarction 24 September 1957 and filed a claim for compensation which was resolved by stipulation 27 June 1958. Under the terms of the agreement, approved by the deputy 9 July 1958, he received temporary total disability benefits for the period from 24 September 1957 to 28 February 1958, and 15 per cent. permanent partial benefits.
The claimant was reimbursed for past medical expenses, and all monies due under the stipulation were paid in July 1958.
Afterwards the claimant made three visits to a physician: 21 July 1958, 23 February 1959 and 14 June 1960 at which times nothing occurred except the taking of electrocardiograms.
On 5 October 1960 a claim was filed for medical benefits and it was in abeyance until 13 July 1962. Meanwhile, 3 April 1962, the attorneys for the claimant requested a modification of the order of 9 July 1958, confirming the stipulation, on the grounds that a change had occurred in claimant's condition and a mistake had been made in a determination of fact.
Upshot of this hearing, eventually held 13 July 1962, was that the deputy commissioner decided the petition to modify had come too late since modification on the grounds of change of condition or mistake of fact under Sec. 440.28 of Workmen's Compensation Law is authorized only within two years after the date of the last compensation payment or within two years of notice of rejection of compensation. Obviously, then, the petition in the instant case, filed 3 April 1962, came beyond the two-year period computed from July 1958.
It is our view that the deputy commissioner correctly dealt with the cause by considering and determining separately the petition for modification under Sec. 440.28, supra, and the application for additional medical benefits and that he was right in holding that the former was precluded by the limitations of the act inasmuch as the time during which a petition for modification may be filed begins with the last payment of compensation or rejection of the claim. We find in the record no payment of compensation subsequent to the compliance with the stipulation.
Moreover, the deputy found that the intervening petition for "medical benefits", filed 5 October 1960, was barred by the limitations prescribed in Sec. 440.13(3) (b) requiring such claims to be presented within two years "after the date of the last remedial treatment furnished by the employer, or after the date of the last payment of compensation."
Upon review the Full Commission overturned the deputy's order having the view, one member dissenting, that the "attendance" required by Sec. 440.13(1) is encompassed within the term "remedial treatment" therefore, the time limits of Secs. 440.13(3) (b) and 440.19 (1) (a) applied. Thus the Commission introduced the latter section to which the deputy had not referred, and which we consider irrelevant since the provisions of that section seem to hinge on absence of any award, a situation not present in this case.
We agree with the Commission that the pivotal point in the case is whether or not the electrocardiograms were of such character as to toll the operation of the law fixing a limitation on the presentation of claims.
The Commission stressed Sec. 440.13(1) making it the obligation of the employer to furnish to the employee such "remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon * * * for such period, as the nature of the injury or the process of recovery may require * * *." We have italicized the word "attendance" as *565 the Commission did in its order rejecting the view urged by the petitioner that the electrocardiograms were but mere "diagnostic procedure." The Commission thought these tests constituted "attendance" within the purview of the act just quoted and being so would bring into play the provisions of Secs. 440.13(3) (b) and 440.19(1) (a). Under the first of these, the period for filing claims begins with the furnishing of "remedial attention." We have already said that the second is inapposite.
We agree with the Commission that providing electrocardiograms amounted to remedial treatment.
The order of the Full Commission is quashed with directions that the order of the deputy be affirmed in its denial of the petition for modification, but reversed insofar as it denies the petition for additional medical care.
DREW, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.