O’CONNELL, Justice.
After an injury to his wrist, for which claimant-petitioner was fully compensated in an order awarding lump-sum compensation, claimant underwent minor surgery for the same injury. Temporary total compensation to October 1962 and medical treatment involved was paid by the employer. A cast applied to claimant’s arm following this surgery was removed on October 2, 1962 at which time the treating doctor discharged the claimant to light work, reporting that the operation was successful and claimant had the same permanent partial disability as that for which he had already been compensated in lump-sum. However, the doctor instructed the claimant to return for a check-up in three months and an appointment was made for that purpose. The record does not reflect the date of the appointment. The claimant testified he kept the appointment returning to the doctor on January 5, 1963.
On January 4, 1963 the doctor executed “a supplementary final medical report” on a commission form in which he stated that the “patient stopped treatment without order on October 2, 1962.” The record copy of this report indicates receipt by the claims department of the carrier on January 11, 1963. However, on January 5, the doctor filed a letter report reflecting that claimant had appeared for examination and had expressed a “multiplicity of somatic complaints” described in the report. The report concluded that claimant was being discharged and would not be seen again unless some unforeseen event required further treatment.
On October 30, 1964 petitioner filed a claim for additional compensation, medical, and other appropriate benefits. After hearing on this claim, the deputy entered an order finding that claimant could obtain additional compensation only by seeking modification under F.S. Sec. 440.28, F.S.A., but that this avenue was closed because filed more than 2 years after the last payment of compensation on October 2, 1962. However, *438 the deputy held the claimant was entitled to further medical benefits, reasoning that the examination of January 5, 1963 constituted a continuation of the course of treatment of the injured wrist and was therefore sufficient to toll the running of the limitations period relating to remedial treatment. F.S. Sec. 440.13(3) (b), F.S.A. The deputy also held the claimant entitled to attorney’s fees and travel expense incurred in medical treatment.
On review, the full commission affirmed the deputy’s finding that additional compensation could not be had, but reversed that part of the order holding that the January S visit to the doctor had tolled the limitation period relating to further medical treatment and the award of attorney’s fees.
Petitioner attacks the commission’s order on three grounds. First, he contends the commission erred in holding that the January S, 1963 examination by the doctor did not toll the running of the limitation period in Sec. 440.13(3) (b). We agree. The record in this cause reveals a much stronger case for the claimant than that found in Food Fair Stores, Inc. v. Tokayer, Fla.1964, 167 So.2d 563. In that case the commission and this court agreed that giving electrocardiograms to a claimant did constitute “remedial treatment” and tolled the relevant limitation period. In his report of October 2, 1962 the treating physician in the instant case noted that it would be approximately six months before claimant would regain the strength in the muscles of his arm. It was for this reason that the doctor scheduled and made an examination of claimant in January 1963. It seems obvious that this examination constituted a continuation of the remedial treatment of the claimant as found by the deputy.
Secondly, claimant argues that the January 1963 visit to the doctor should be considered as a payment of compensation so as to toll the running of the limitation period in F.S. Sec. 440.28, F.S.A. There is no merit to this contention. Royer v. United States Sugar Corporation, 1941, 148 Fla. 537, 4 So.2d 692 and Food Fair Stores, Inc. v. Tokayer, supra.
For his last point, claimant argues-that the commission erred in reversing the-deputy’s award of attorney’s fees. Having; decided that claimant is entitled to such further medical benefits as may be required by-treatment of his injury he will be entitled,, also, to attorney’s fees for prosecuting this-claim.
We have carefully considered the cross-petition and find no merit in the questions-presented thereby.
Accordingly, the cross-petition for cer-tiorari is denied, the petition is granted, andr the order of the full commission is quashed'in part and affirmed in part. The cause is-remanded for entry of an order reinstating: the order of the deputy.
It is so ordered.
THORNAL, C. J., and THOMAS,. ROBERTS and DREW, JJ., concur.