WENTWORTH, Judge.
Heter, claimant in workers’ compensation actions arising from two accidents, appeals the deputy commissioner’s order which denied Heter’s claim for payment by appellee Gulf of medical benefits in excess of the 60% share of such benefits awarded against Gulf by an order entered in 1977 after the second accident. We affirm because the 1977 order is res judicata in this case and because the deputy did not err when he found Heter did not present sufficient evidence at the hearing below to support modification of the 1977 order.
In 1973, Heter suffered a compensable back injury from which he reached maximum medical improvement in 1975 and was paid 5% permanent partial disability compensation by stipulation. While working for the same employer in 1976 he was involved in a compensable auto accident which, the deputy ruled, resulted in temporary total disability. The second accident aggravated the earlier back injury and it created a neck condition which was unrelated to the first injury. In 1973, the employer was insured by Unigard; Gulf Insurance was the carrier in 1976. The deputy found Heter’s temporary total disability following the second accident was 40% attributable to the first accident, and 60% to the second, and he ordered the carriers to divide such disability and medical payments accordingly for the back injury dating from the second accident to the time of the order. Gulf was found to be wholly responsible for whatever medical expenses might arise relating solely to the neck condition caused by the second accident.
Gulf appealed, the Industrial Relations Commission affirmed and the Supreme Court denied certiorari. Buning The Florist, et al. v. Heter, Claim No. 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 (August 17, 1978) (unpublished opinion), cert. denied, 374 So.2d 98 (Fla.1979). The two issues on appeal at that time concerned notice to the employer and the award of payments to an allegedly unauthorized doctor. Then came the incidents giving rise to this appeal.
Heter filed a motion for hearing to determine that Gulf should be responsible for paying all medical expenses. Before hearing, he agreed with Unigard to a lump-sum settlement of $58,000. The settlement petition stated this represented $57,000 in compensation benefits and $1,000 for future medical benefits and expenses. At hearing and in this appeal, Heter argued that the 1977 apportionment was contrary to both law and fact, and he contends the award should not be considered res judicata because in 1977 he lacked standing to challenge the division of responsibility for payment. He contends that because the 1977 order awarded him full benefits, there was no reason for him to appeal and the apportionment was simply a matter for the carriers to argue.
We do not decide the propriety of either the 1977 apportionment or the 1979 settlement of medical and other benefits from Unigard.1 Assuming, as Heter now asserts, that the 1977 award was improper and that the deputy should have found Gulf liable for all medical expenses,2 Heter had the right to appeal the 40% apportionment of such costs to the first accident and its carrier. At that time he was on notice that his rights were determined as against each of the two carriers for temporary disability and medical benefits for the back condition attributed to both accidents. The 1977 award was an adjudication that Gulf was not liable for the full amount of Heter’s medical expenses for his back injury attributed to both accidents. The doctrine of res judicata forecloses the parties in this case from relitigating the 1977 order.
Under the Workers’ Compensation Act, modification pursuant to the terms of § 440.28, Florida Statutes, is the prescribed relief from the doctrine of res judicata. The Fruit Bowl, Inc., et al. v. Cheathem, *1203155 So.2d 865, 867 (Fla.1963). Here, the deputy properly treated Heter’s motion as a petition for modification. We agree with the deputy that the record does not demonstrate a change of condition or mistake of fact so as to warrant modification.
Accordingly, the order of the deputy commissioner is affirmed.
SHIVERS and LILES, JJ., concur.

. Section 440.20(12)(a), Florida Statutes (1979 amendment).

. Cf. The Seasons from Sarasota v. O’Day, 379 So.2d 1024 (Fla. 1st DCA 1980), for illustration of the necessary standard for such apportionment.