400 So.2d 793 (1981)
Joseph BOWMAN, Appellant,
v.
FOOD FAIR STORES; the Hartford Insurance Group, Appellees.
No. VV-337.
District Court of Appeal of Florida, First District.
June 16, 1981.
Rehearing Denied July 11, 1981.
*794 Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellant.
Kurt Preston Hampp of Jacobs, Robbins & Gaynor, P.A., St. Petersburg, for appellees.
PER CURIAM.
This is an appeal from a workers' compensation order denying claimant's petition for modification as being barred by the statute of limitations pursuant to § 440.28, Florida Statutes. The order also dismissed a claim for permanent total disability compensation filed within two years of the last payment of compensation without an award. We agree that the petition for modification was untimely. However, we must reverse the order dismissing the claim for permanent total disability.
The claimant injured his back on two separate occasions: August 7, 1970, and October 2, 1972. At the time of the 1970 injury, Hartford Insurance Company represented the employer, but at the time of the 1972 injury, the employer was self-insured. In his order of March 11, 1974, the judge of industrial claims found that the claimant had reached maximum medical improvement from the 1970 accident on January 8, 1974, with a 20% diminution of earning capacity. Hartford had paid on a 15% permanent impairment rating, and proceeded to pay an additional 17.5 weeks of compensation as ordered, completing payments in 1974.
On January 29, 1979, a shotgun claim was filed, and on February 12, 1979, Hartford reinstated temporary total disability compensation from December 14, 1978. On March 22, 1979, Hartford voluntarily commenced paying permanent disability compensation for 35 weeks. Meanwhile, claimant's original lawyer died, and substitute counsel filed a petition for modification dated October 16, 1979, alleging a change of condition. Counsel also filed an application for hearing on the January 29, 1979 claim. The carrier filed a motion to dismiss. Hearings were held on February 27, 1980 and April 29, 1980, and at the second hearing the parties conceded that the January 29 claim was prematurely filed and that the employee would be deemed to have orally renewed his claim as of April 29, 1980. The carrier waived its 21-day investigation period since it was not inclined to voluntarily accept the additional benefits being claimed. On May 13, 1980, the deputy commissioner entered an order denying the claimant's petition for modification and dismissing the claim.
The April 29, 1980 renewed claim and the October 16, 1979 petition for modification were filed more than two years after the payment of benefits pursuant to the 1974 compensation order. We agree with the deputy that § 440.28 (1969) clearly prevents filing a petition for modification more than two years after payment pursuant to a compensation order, and does not *795 allow renewal of the limitation period by a voluntary carrier payment after that two-year period.
A claimant's right to compensation is fixed at the time of his injury. Since the claimant was injured in 1970 and 1972, the provisions of the 1969 and 1971 Workers' Compensation Act are applicable to this case. The applicable limitation on filing initial claims for compensation without an award is governed by § 440.19(1)(a), Florida Statutes (1969), effective until 1979, which read as follows:
(1)(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two (2) years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two (2) years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
The April 29, 1980 claim was filed within two years after the last payment of compensation without an award, and the claimant argues that this claim for permanent total disability compensation therefore meets the requirements of § 440.19(1)(a), Florida Statutes (1969). We agree.
We conclude that the voluntary reinstatement of temporary total disability compensation on February 12, 1979, was not pursuant to the March 7, 1974 compensation order. The statute clearly indicates that where payment of compensation or remedial treatment has been furnished by the employer without an award, a claim may be filed within two years after the date of the last payment of such compensation or after the date of the last remedial treatment furnished by the employer. The claim is not limited to remedial attention and medical services. We therefore conclude that it was error to dismiss the claim.
The order is reversed and the cause is remanded for further proceedings on the employee's claim. See also Johnson v. Division of Forestry, 397 So.2d 761 (Fla. 1st DCA 1981).
SHIVERS, SHAW and THOMPSON, JJ., concur.