407 So.2d 997 (1981)
BUDGET LUXURY INNS, INC. d/b/a Day's Inn, American Mutual Liability Insurance Company and Sentry Insurance Company, Appellants,
v.
Ethel BOSTON, Appellee.
No. YY-456.
District Court of Appeal of Florida, First District.
December 18, 1981.
Rehearing Denied January 18, 1982.
*998 Bernard J. Zimmerman and William G. Berzak of Akerman, Senterfitt & Eidson, Orlando, Clifford L. Somers of Miller, McKendree & Somers, Tampa, for appellants.
Joseph L. Thury of Antinori & Thury, Tampa, for appellee.
ERVIN, Judge.
In this workers' compensation action, the appellants assign four points as requiring reversal. Because we agree with the appellants on their first point that the deputy lacked jurisdiction to modify the final compensation order pursuant to Section 440.28, Florida Statutes (1975), we need not address the remaining points raised.
The claimant suffered two industrial accidents: the first in September, 1975, when she slipped and fell on her back, and the second in March, 1976, when a box fell on her from a shelf. The employer was insured by appellant Sentry Insurance Company (Sentry) for the 1975 accident and by appellant American Mutual Liability Insurance Co. (American) for the 1976 accident. In the original order, the JIC found that the claimant reached MMI on July 13, 1976, with a resulting 10% PPD of the body and found each carrier responsible for one-half of the PPD benefits for the treating physicians were unable to apportion the disability caused by each accident. The carriers were also required to provide diagnostic testing, under the supervision of two specifically named doctors, and were further required, if one of the two doctors requested a myelogram, to share equally in such costs.
Subsequently, Sentry mailed claimant a check representing the lump-sum payment of all permanent benefits awarded. The claimant received and cashed this check on June 3, 1977. American mailed three separate checks on June 10, 1977 to claimant's attorney, representing its share of the benefits and compensation owed to the claimant, although the record contained no evidence indicating the date the claimant received or cashed those checks. Later, from August 4-9, 1977, the claimant was hospitalized; during that time she underwent a myelogram *999 and other diagnostic testing. The carriers paid for these hospital and medical bills and continued to furnish medical treatment to the claimant thereafter through the date of the hearing on the petition to modify.
On June 19, 1979, the claimant filed a petition for modification of the original order, alleging a substantial change in her condition as to medical problems and treatment, and requesting PPD benefits. After conducting a hearing on this claim, the deputy commissioner held that both carriers were estopped from asserting the two-year limitation period in Section 440.28 because they failed to pay the claimant TTD benefits mandated by the original, continuing order for the six-day period that the claimant was hospitalized in August, 1977, and that this failure tolled the running of the statute of limitations. The deputy additionally found that the statute of limitations' defense was not available to American because it did not comply with Section 440.20(1), Florida Statutes (1975),[1] in that the evidence showed only that the checks were mailed to claimant's attorney  not to claimant. He thereupon modified the original order by directing both e/cs (1) to pay claimant PTD benefits from the date previously established to be that of MMI, or July 13, 1976, (2) to provide continuing medical benefits as needed, and (3) to pay claimant's costs and attorney's fees.
We agree with the appellants that the deputy improperly estopped the appellants from asserting the limitation period in Section 440.28.[2] That limitation period is an absolute jurisdictional requirement; not an affirmative defense that may be waived by the parties. Frank M. Murphy Corp. v. Rogers, 8 FCR 176 (January 30, 1974). See also Hughes v. Denny's Restaurant, 328 So.2d 830 (Fla. 1976); Bowman v. Food Fair Stores, 400 So.2d 793 (Fla. 1981).
The claimant also argues that her receipt of medical benefits under the original, continuing order tolled the running of the statute. This argument, however, ignores Mansell v. Mulberry Construction Co., 196 So.2d 436 (Fla. 1967), holding that remedial treatment provided by an e/c should not be considered a "payment of compensation" so as to toll the running of the limitation period in Section 440.28. See also Dean v. McLeod, 270 So.2d 726 (Fla. 1972). Mansell recognizes that only a claimant's last receipt of medical benefits within two years before the filing of a claim tolls the limitation period provided in Section 440.13(3)(b), stating that a claim may be filed within two years after the last remedial attention furnished by the e/c. Here, the claimant's petition to modify, as it relates to a requested change in compensation benefits, was governed by the provisions of Section 440.28  not by Section 440.13(3)(b), Florida Statutes (1975).
The deputy was also incorrect in holding that the limitation period did not apply to American because the carrier did not pay claimant directly, as required by Section 440.20(1), but rather claimant's attorney. That statute is inapplicable, however, because, as we have previously observed in note one, supra, it applies only to situations in which compensation is paid without an award, and not to situations in which "liability to pay compensation is controverted by the employer." Moreover, although there was no evidence that claimant actually received the checks, there was undisputed evidence that American mailed the checks to claimant's counsel on June 10, 1977. Proof of the carrier's mailing of disability checks to a claimant constitutes proof of payment sufficient to start the running of the limitation period provided in Section 440.28. See Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973).
*1000 Finally, the claimant contends that her claim should be considered a new claim for additional benefits pursuant to Section 440.19(1)(a).[3] Yet, Section 440.19(1)(a) is also inapplicable since it authorizes a claim under circumstances where payments are initially made without an award "in which case further claims may be made within two years after payment of compensation or remedial treatment." Jones v. Ludman Corp., 190 So.2d 760, 761 (Fla. 1956). Here, as in Jones, medical payments were made pursuant to an award and thus Section 440.19(1)(a) is also inapplicable.
Accordingly, that portion of the order directing the appellants to pay PTD benefits is reversed; that portion, however, relating to the requirement that the appellants furnish such future remedial or palliative treatments to claimant in the manner and period required by law is affirmed since the request for modification as to such treatments was timely filed. Finally, the order as it relates to the payment of reasonable attorney's fees and costs is affirmed.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Requiring that "[c]ompensation ... shall be paid periodically, promptly in the usual manner and directly to the person entitled thereto, without an award, except where liability to pay ... is controverted... ."
[2] Permitting a JIC to modify an order upon a change in condition at any time before two years have expired after the date of last payment of compensation pursuant to a compensation order.
[3] Providing that a claim may be filed within two years after either payment of compensation or remedial treatment is furnished to a claimant without an award. Note that Section 440.19 (Supp. 1980), which currently provides for the time and procedure for filing claims, has substantially amended the statute.