429 So.2d 1356 (1983)
BASSETT'S DAIRY and Florida Farm Bureau Insurance Company, Appellants,
v.
Donald Eugene THOMAS, Appellee.
No. AM-186.
District Court of Appeal of Florida, First District.
April 21, 1983.
*1357 James N. McConnaughhay of McConnaughhay & Roland, Tallahassee, for appellants.
Stephen J. deMontmollin of McGalliard, Mills & deMontmollin, Gainesville, for appellee.
JOANOS, Judge.
The determinative question in this workers' compensation appeal is whether a claim for additional compensation filed in February, 1982, was barred by the limitations period set forth in Section 440.28, Florida Statutes, or was properly allowed to proceed under Section 440.19(1)(a), Florida Statutes (1969), current version found at Section 440.19(2)(a), Florida Statutes (1981).
Claimant was injured in a compensable fall on April 27, 1971, and by order dated May 1, 1974, he was awarded benefits for a 20% permanent partial disability of the body as a whole. The final payment of benefits pursuant to this order was made on June 12, 1975. The parties have stipulated that on March 25, 1975, claimant began seeing Dr. Renn, who was an authorized physician. Dr. Renn followed claimant on a regular basis up to and including January, 1981, and June, 1981. Included in claimant's treatment were a myelogram and two surgical procedures, for which the employer/carrier ("E/C") paid, along with medical expenses. E/C also paid claimant temporary total disability ("TTD") benefits from June, 1981, until October 10, 1981. According to appellants, a representative of the carrier stated that these TTD benefits were erroneously paid and were terminated as soon as the error was discovered.
The claim filed in February, 1982, was for further medical care, rehabilitation, TTD, modification of the 20% permanent partial disability ("PPD") previously awarded, PPD benefits, permanent total disability benefits, and other items. The deputy commissioner determined that: the limitations period for modification under Section 440.28 had run, but under Section 440.19(1)(a), the limitations period had not run; claimant was proceeding under the latter section; and claimant was entitled to additional TTD benefits and compensation for an additional 20% PPD of the body as a whole based on loss of wage earning capacity. No additional remedial care was awarded, therefore the propriety of such an award under applicable statutory provisions is not at issue. We deal solely with the propriety of the award of further compensation.
Section 440.19(1)(a), Florida Statutes (1969) provides:
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
Section 440.28, Florida Statutes (1969) provides:

*1358 Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the commission may at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in § 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
Appellants contend that because a date of maximum medical improvement was determined and a permanent disability established in the order of May, 1974, the appropriate proceeding was modification under Section 440.28, and therefore the limitations period had run. Further, appellants contend that because the TTD benefits paid from June, 1981, to October 10, 1981, were paid in error this case is distinguishable from Bowman v. Food Fair Stores, 400 So.2d 793 (Fla. 1st DCA 1981), on which the deputy commissioner relied in determining Section 440.19(1)(a) applies in this case.
Bowman is distinguishable from the instant case, but for a different reason. In Bowman, the claimant was injured in 1970 and again in 1972. In an order dated March 11, 1974, a judge of industrial claims found the claimant had reached maximum medical improvement from the 1970 accident with a 20% permanent disability based on loss of wage earning capacity. Payments pursuant to that order were completed in 1974. In January, 1979, a claim was filed and the carrier paid TTD benefits without an order from December, 1978, and voluntarily paid PPD benefits beginning March 22, 1979. A petition for modification was filed October 16, 1979, and a claim was filed April 29, 1980. The deputy commissioner dismissed the claim and denied modification. This court agreed "with the deputy that § 440.28 (1969) clearly prevents filing a petition for modification more than two years after payment pursuant to a compensation order, and does not allow renewal of the limitation period by a voluntary carrier payment after that two year period." This court also stated, however, that "[t]he applicable limitation on filing initial claims for compensation without an order is governed by § 440.19(1)(a) ...," and that the April 29, 1980 claim was timely under that section because the payment of TTD in February, 1979, was not paid pursuant to the 1974 order, but was paid "without an award."
The above quoted language from Bowman indicates the court intended to permit the claim to proceed as an initial claim for benefits based on the 1972 injury, as opposed to modification of the award based on the 1970 injury, for which benefits had been awarded in the 1974 order and the limitations period of Section 440.28 had run. We read the case this way even though the carrier at the time of the 1970 injury was not the carrier at the time of the 1972 injury, yet that carrier voluntarily paid the benefits which triggered the application of Section 440.19(1)(a) to the 1972 injury, because those benefits were paid on behalf of the employer. See Johnson v. Division of Forestry, 397 So.2d 761, 763 (Fla. 1st DCA 1981). That there existed a second injury which provided the basis for a new initial claim distinguishes Bowman from the instant case, in which only one injury occurred pursuant to which an order was entered awarding compensation benefits. Only Section 440.28 is appropriately applied to the present case and no events have occurred which would toll or renew the limitations period under that section.
The distinction between Bowman and the instant case is significant, because Sections 440.19(1)(a) and 440.28 are designed to be used in different situations, depending on *1359 whether benefits for a particular injury have been furnished pursuant to a compensation order or entirely without an award. The present case is one in which clearly only Section 440.28 should be applied. See Mansell v. Mulberry Construction Co., 196 So.2d 436 (Fla. 1967); Jones v. Ludman Corp., 190 So.2d 760 (Fla. 1966); Food Fair Stores v. Tokayer, 167 So.2d 563 (Fla. 1964); Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1981).
The deputy commissioner misapplied Bowman to the present situation. For the reasons stated in this opinion, the order of the deputy commissioner determining that the claim was timely under Section 440.19(1)(a) is REVERSED.
SHIVERS and WENTWORTH, JJ., concur.