WIGGINTON, Judge.
Appellant, a self-insured employer, appeals that portion of the deputy commissioner’s order finding no merit to appellant’s statute of limitations defense and finding appellant responsible for past medical bills of appellee Dale, which were awarded in a prior order entered in 1978. We reverse.
Dale was injured in an industrial accident in September, 1976 when he inhaled toxic fumes and thereupon suffered pleuritis and bronchitis. In January, 1977, Dale suffered a disabling heart attack, and claimed it was causally related to the initial injury. In January, 1978, the then industrial claims judge entered an order finding that Dale sustained a compensable injury (pleuritis and bronchitis) as a result of his inhalation of the fumes and directed appellant to pay unpaid medical bills incurred through December 30, 1976 and compensation benefits relating to the injury. Due to differences in medical opinion as to causal relationship of the heart attack to the compensable accident, the parties were ordered to agree upon an additional physician to review the case. Consequently, the causal relationship issue was not resolved at that time.
On October 11, 1979, the supreme court denied certiorari, thus affirming and finalizing the 1978 order. Westinghouse Electric Corp. v. Dale, 377 So.2d 171 (Fla.1979). On October 29, 1979, appellant mailed a check to Dale paying the compensation benefits awarded by the 1978 order. However, *990 the medical bills incurred through December 30, 1976 at that time had not been, nor have they yet been, according to the record, submitted by Dale to appellant for payment or reimbursement. The October 29, 1979 check represented the last payment of any compensation to Dale. No remedial attention has been furnished to Dale by appellant since 1976.
On October 26, 1981, Dale filed a claim for permanent total disability benefits, penalties, interest, costs, and attorney’s fees due to the heart attack. At the January 19, 1983 hearing Dale orally informed the deputy commissioner that he was also seeking, payment of the past medical bills incurred through December, 1976. Appellant’s attorney argued that the statute of limitations had run on that claim for past medicals. In his January, 1983 order, now on review, the deputy commissioner rejected the defense and ruled that “the employer is responsible for the benefits awarded in the prior order, costs, and attorney’s fees.” He otherwise denied Dale’s claim, finding the heart attack not causally related to the industrial accident.
The applicable statute of limitations, section 440.13(3)(b), Florida Statutes (1975), which is substantially the same as section 440.19(2)(b), Florida Statutes (1981), provides in pertinent part:
[A]ll rights for remedial attention under this section pursuant to the terms of an award shall be barred unless a further claim therefor is filed with the division within 2 years after the entry of such award, except that if payment of compensation has been made or remedial attention has been furnished by the employer under the terms of the award a further claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer. (Emphasis supplied.)
Thus, the statute requires the assertion, within two years, of a further claim to enforce a right established by an award. Dale’s further claim, for payment of past medical bills, was not asserted within the two year limitation period imposed by the statute. The filing of the October, 1981 claim which raised only the question of causal relationship of the heart attack did not revive that right to payment of past medicals, which, under the statute, had expired by the time it was claimed again in January, 1983. The deputy commissioner erred in rejecting appellant’s defense of statute of limitations, as, pursuant to 440.-13(3)(b), Florida Statutes (1975), the claim for past medicals is barred.
REVERSED.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.