ROBERT P. SMITH, Jr., Judge.
The deputy rejected appellants’ statute of limitation defense, though more than two years had elapsed since the employer and carrier last supplied compensation or medical care, because “there is an outstanding Order of February 1, 1979, requiring treatment by Dr. Forman, which has not been furnished, and because the claimant did not receive the Order because it was mailed to the incorrect address.”
The bar of section 440.13(3)(b), Fla.Stat. (1975) applies notwithstanding the deputy’s findings. An order which directs the employer and carrier to supply medical care, be it specificor general and continuing, does not toll the two-year statute. See Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1981); Southern Mill Creek Products v. Bellamy, IRC Order 2-3210 (1977). Nor are the employer and carrier responsible for the failure of claimant’s lawyer, if he did fail, to communicate with his client. What is required to stop the statute running is a claim such as this claimant tardily presented.
REVERSED.
BOOTH and WIGGINTON, JJ., concur.