479 So.2d 289 (1985)
GENERAL ELECTRIC COMPANY and Electric Mutual Liability, Appellants,
v.
Norman SPANN, Appellee.
No. BD-26.
District Court of Appeal of Florida, First District.
December 6, 1985.
Jack A. Langdon, Gainesville, for appellants.
Craig F. Hall of Hall & Hall, Gainesville, for appellee.
NIMMONS, Judge.
The employer and carrier (E/C) seek reversal of the deputy commissioner's award of benefits contending that such benefits were barred by the limitations provision of Section 440.28, Florida Statutes (1977). We affirm in part and reverse in part.
Claimant was injured in 1977. He reached MMI with 0% impairment in 1978. In 1980, claimant petitioned for modification which was granted pursuant to an order entered on October 6, 1980. The order awarded the claimant 5% PPD which was paid in a lump sum in 1981. The E/C provided continuing medical treatment, the October 6, 1980, order having required the E/C to "supply to the claimant such medical *290 care and attention as the nature of his injury and the process of his recovery might require."
In January 1984 one of claimant's treating physicians opined that claimant had a 10% impairment. In March 1984 the E/C voluntarily paid the additional 5% impairment. Two weeks later, the claimant filed a claim for benefits which is the claim involved in the instant appeal. Claimant sought increased disability benefits as well as additional medical attention based upon the claimant's alleged worsened condition. Although the claimant attempted to characterize his claim as a "new claim" for benefits never awarded, the deputy correctly designated the claim as one seeking modification of the prior October 6, 1980, order, at least insofar as it sought TTD benefits and an increase in the PPD previously awarded. See Washington v. Dade County School Board, IRC Order 2-3694 (Feb. 8, 1979). Based upon the evidence of the claimant's change in condition, the deputy ordered, among other things, payment of TTD benefits from May 24, 1983, and continuing "for the time and in the manner provided by law," payment of medical bills, and treatment by Dr. Freed "as the nature of his injury and the process of his recovery might require." The deputy refused to invoke the limitation provisions of Section 440.28.
The limitation statutes relevant to this case are §§ 440.13(3)(b) and 440.28, F.S. (1977) (currently 440.19(1)(b) and 440.28 (1983), respectively).
Section 440.28 provides that at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, the deputy may review a case and issue a new compensation order on the ground of a change in condition. It does not provide that a voluntary payment of additional compensation, not pursuant to an order, paid after two years from the date of the last payment of compensation pursuant to an order, revives the claim.
We find the claim for additional disability benefits, both temporary and permanent, was barred two years after full payment of PPD under the 1980 order was made in 1981.
The 1980 order having adjudicated MMI and awarded PPD, the 1984 claim, insofar as it sought additional temporary and permanent disability benefits, must meet the requirements of Section 440.28, including its limitations provisions. Washington v. Dade County School Board, supra; Bassett's Dairy v. Thomas, 429 So.2d 1356 (Fla. 1st DCA 1983). In Bassett's Dairy, the claimant had been injured in 1971, was awarded 20% PPD and the final payment of benefits was made in 1975. The claimant received continuing medical treatment through 1981. The E/C voluntarily paid TTD for five months in 1981. In 1982 the claimant filed a claim for further medical care, rehabilitative TTD, modification of PPD, PTD and other benefits. The deputy found the claim to be timely under Section 440.19(1)(a), Florida Statutes (1969).[1] This is the "new claim" statute of limitation. This court in Bassett's Dairy distinguished the statute of limitations for filing of initial claims and the limitation for filing of a petition for modification. The claimant in Bassett's Dairy was seeking a modification of a previous order and, thus, it was held that Section 440.28 applied. We find Bassett's Dairy indistinguishable on the issue of disability benefits. There is no provision in Section 440.28 which tolls the running of the statute if payments are voluntarily made by the E/C. Further, in this case, the voluntary payment of the additional 5% PPD was made after the two-year statutory period had run. There is no provision in Section 440.28 which would revive the claim after the statute had run.
*291 There is also before us the propriety of the order's requirement of continuing remedial medical treatment. This was not at issue in Bassett's Dairy, the court expressly noting that such issue was not before it. Id. at 1357. We know from Bryant v. Elberta Crate & Box Co., 156 So.2d 844 (Fla. 1963), that it was not incumbent upon the claimant to establish a change of condition under Section 440.28 in order to obtain additional medical care.[2] Therefore, the two-year limitation period under Section 440.28 is not applicable.
Section 440.13(3)(b) (1977) (currently 440.19(1)(b) (1983)) provides for the circumstances under which the right to remedial attention will be time barred:
(b) All rights for remedial attention under this section shall be barred unless a claim therefor is filed with the division within 2 years after the time of injury, except that if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer; and all rights for remedial attention under this section pursuant to the terms of an award shall be barred unless a further claim therefor is filed with the division within 2 years after the entry of such award, except that if payment of compensation has been made or remedial attention has been furnished by the employer under the terms of the award a further claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer.
Regardless of whether the post-1980 order remedial attention is deemed to have been furnished without an award or furnished pursuant to the 1980 order requiring the furnishing of "continuing medical care and attention," the record shows that the current claim for remedial care (filed April 10, 1984), was filed within two years of the last remedial attention received by the claimant.
The E/C has raised several additional points on appeal. One point pertains to the time period for which TTD was awarded and need not be addressed as the award of TTD is reversed. We affirm the award of on-going treatment of Dr. Fox who we find was an authorized, referred physician whose treatment was found by the deputy to be in the claimant's best interest. The award of the bill for Alachua General Hospital is reversed as it was paid prior to the hearing. Finally, on remand, attorney's fees are to be appropriately adjusted to reflect the reduction in benefits awarded.
Affirmed in part and Reversed in part and Remanded for further proceedings consistent with this opinion.
ZEHMER, J., concurs.
WENTWORTH, J., concurs specially.
WENTWORTH, Judge, concurring specially.
I agree with all conclusions reached and with the majority opinion except that, as to medical care, the award can in my opinion be affirmed under the circumstances without deciding the relevance of § 440.28, Florida Statutes. The decision in Bryant v. Elberta Crate, 156 So.2d 844 (Fla. 1963) (granting a claim for remedial medical care filed within two years after an order finding MMI and granting permanent disability *292 compensation), may be construed as holding that the right to treatment did not depend on showing any change of condition, under § 440.28, other than the change implicit in proof of need and feasibility of surgery which had been lawfully rejected before the prior order. In the present case I would affirm the award of medical treatment simply because, even assuming § 440.28 might apply to a medical claim, and whatever might be its effect after an order finding MMI, the parties clearly did not treat the 1980 order as one terminating remedial care during the years preceding the current claim.[1]
NOTES
[1] The court in Bassett's Dairy noted that the "current version" of Section 440.19(1)(a), Florida Statutes (1969), could be found at Section 440.19(2)(a), Florida Statutes (1981). Since 1981, this provision was again moved back to Section 440.19(1)(a) as reflected in the 1983 edition of Florida Statutes.
[2] It seems apparent that the deputy must have been of the view that the claimant's right to further medical treatment was dependent on a showing of change of condition or mistake in determination of fact under Sec. 440.28. F.S.A. Such is not the case.

The order of December 9, 1959 ordered the employer to pay for future medical treatment. Even had it not, the provisions of Section 400.13 F.S.A. would have required the employer to furnish such upon a request and showing of need therefor.
Id. at 845. Compare Fruit Bowl, Inc. v. Cheathem, 155 So.2d 865 (Fla. 1963) (first order denied benefits including medical  held change of condition under Section 440.28 required to be shown to support subsequent claim).
[1] Cf. Bishop v. Pinellas Framing & Finishing, 414 So. 596 (Fla. 1st DCA 1982); Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1981).