MILLS, Judge.
In this workers’ compensation case, the City of Clearwater (E/C) appeals from an order granting Holzhauer medical care, contending the deputy commissioner erred in making such an award when Holzhauer filed his claim more than two years after an order was entered finding he had reached maximum medical improvement (MMI). We disagree and affirm.
On 14 December 1982, an order was entered finding Holzhauer had reached MMI. The permanent partial disability benefits he was awarded were paid out by the E/C on *695 3 June 1983. Subsequent to this time, however, the E/C voluntarily provided Hol-zhauer with medical care in the form of treatment by Dr. Schuele in March 1983 and Dr. Slomka in February 1984. Additionally, on 19 April 1984, the E/C paid for the claimant’s attendance at a muscle rehabilitative exercise program prescribed by Dr. Slomka. Holzhauer filed the instant claim in August of 1985 seeking further medical treatment.
It is the E/C’s position that Holzhauer erred in filing a new claim and should have proceeded by way of a petition for modification pursuant to Section 440.28, Florida Statutes (1983). The E/C further contends that all care provided to an employee once a date of MMI has been determined must be considered palliative in nature, and such care cannot toll the statute of limitations contained in either Section 440.19(l)(b) or Section 440.28, Florida Statutes (1983).
We do not feel it is necessary to make a direct determination of the relevancy of Sections 440.28 and 440.19(1)(b) in the present case, as it can be decided on the principle announced in Daniel v. Holmes Lumber Co., 471 So.2d 60 (Fla. 1st DCA 1985), rev. on other grounds 490 So.2d 1252 (Fla.1986), namely:
As long as the employer is voluntarily paying compensation or providing remedial care, the statute of limitations does not begin to run. It is when no compensation or remedial care is provided that the employee must begin to watch the calendar.
In this case, we concur with the following statement made by Judge Wentworth in her specially concurring opinion to General Electric Co. v. Spann, 479 So.2d 289 (Fla. 1st DCA 1985):
In the present case I would affirm the award of medical treatment simply because, even assuming § 440.28 might apply to a medical claim, and whatever might be its effect after an order finding MMI, the parties clearly did not treat the 1980 order as one terminating remedial care during the years preceding the current claims.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.