WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which claimant was awarded payment of transportation costs for medical treatment. We find that this award merely effectuated the terms of a prior order, and is not precluded by the statute of limitations. We therefore affirm.
Claimant was awarded compensation benefits in 1982 by an order which also found entitlement to past due “medical transportation” upon the submission of “proper itemization.” In 1985 claimant sought further compensation benefits, and also requested payment of prior costs for transportation to medical treatment, itemized in accordance with the 1982 order. Employer/carrier declined to pay further compensation or prior transportation costs, asserting the statute of limitations as a defense. Only the previously incurred transportation costs for which liability was adjudicated in 1982, and the fee consequent thereto, are involved in this appeal.
The applicable statute of limitations, section 440.19(2)(b), Florida Statutes (1981), provided that:
... all rights for remedial attention under this section pursuant to the terms of an award shall be barred unless a further claim therefor is filed with the Division within two years after the entry of such award, except that, if payment of compensation has been made or remedial attention has been furnished by the employer under the terms of the award, a further claim may be filed within two years after the date of the last payment of compensation or within two years after the date of the last remedial attention furnished by the employer—
In Westinghouse Electric Corporation v. Dale, 439 So.2d 989 (Fla. 1st DCA 1983), this enactment was applied to bar a further claim for payment of medical bills addressed in a prior order. That opinion, however, related to an order based on a 1983 hearing on new benefits, at which claimant orally sought re-adjudication of liability for the 1976 medical costs in question which “at that time had not been, nor *758 have they yet been, according to the record, submitted ... for payment or reimbursement.” 439 So.2d 990. The final conclusion was that “the claim for past medical is barred.” That conclusion by this court can clearly rest on grounds other than the statutory defense, i.e., total absence of the required bills in evidence, the interim acceptance of other benefits paid in satisfaction of the award absent itemization for some five to seven years, and lack of timely or written notice of the matter to be heard. We find, accordingly, that the decision does not preclude our view of section 440.13(3)(b), supra, as relating to “further” claims, i.e., new and not previously adjudicated claims. The statutory reference is to rights “pursuant to the terms of an award” (e.s.), and not to rights “established by an award” as paraphrased in Westinghouse. Simple logic would dictate a definition of “pursuant to” as simply following an award, so as to bar new claims and not those already adjudicated or specifically established by an award.
While the two year limitations period of section 440.19(2)(b), Florida Statutes (1981), is therefore properly applied to further claims for remedial attention, in the present case the order involves no additional remedial care or costs. Instead, the payment directed is merely an expense incidental to remedial care furnished prior to the 1982 order, and is in accordance with that order. In these circumstances a further claim should not be required and section 440.19(2)(b), Florida Statutes (1981), does not allow employer/carrier to escape its obligation to comply with the terms of the prior order.
The order appealed is affirmed.
MILLS, J., concurs.
BOOTH, C.J., dissents with written opinion.