BOOTH, Chief Judge,
dissenting:
I respectfully dissent and would hold that the deputy erred in declining to apply the statute of limitations as a bar to the claim for transportation expenses. Although the case of Westinghouse Electric Corporation v. Dale, 439 So.2d 989 (Fla. 1st DCA 1983), can be technically distinguished on the grounds that in Dale the medical bills were not actually submitted and the claim for the 1976 medical costs (awarded in 1978) was made orally at the 1983 hearing, that decision should control here. In both this case and in Dale, the order directed the employer/carrier to pay unpaid medical bills through a date certain, but the bills were not submitted for payment within the two-year statute of limitations. After the statute had run, in Dale, the claimant filed a new claim for permanent total disability and at the hearing orally requested payment for the past medical bills but again failed to submit the bills. In the instant case, a claim for further medical attention, temporary total disability benefits, and transportation costs was filed after the statute had run. Again, claimant failed to submit the bills for medical transportation costs. This court in Dale held that the claim was barred under Section 440.13(3)(b) [now Section 440.19(2)(b), Florida Statutes (1981)], Florida Statutes, and in so ruling held that “[t]he statute requires the assertion, within two years, of a further claim to enforce a right established by an award.”[1] That rule, applied in the instant case, requires a result contrary to that stated by the majority. Although the rationale of the majority, that the belated claim here is merely enforcement of a preexisting right already awarded, is appealing, it does not seem to fit within the actuality of the situation or the holding of Dale. There is the real concern that to allow perpetual enforcement of an open-ended, unspecified award of medical benefits (subject only to proof of laches) will defeat the purpose of the statute of limitations and the need for timely resolution of these disputes.

. See General Electric Company v. Shepard, 440 So.2d 462 (Fla. 1st DCA 1983), which holds that "[a]n order which directs the employer and carrier to supply medical care, be it specific or general and continuing, does not toll the two-year statute."