PER CURIAM.
Appellant seeks reversal of the JCC’s award of permanent total benefits and medical benefits, contending that such benefits are barred by the limitations provision of section 440.28, Florida Statutes (1987). We affirm in part and reverse in part.
Claimant suffered a compensable knee injury in November 1987. She filed a claim for permanent total disability (PTD) or, alternatively, temporary total disability, temporary partial disability, or wage loss. By order dated April 12, 1994, such relief was denied. Thereafter, Claimant received remedial treatment sporadically, including care under orthopedic surgeon Dr. Chalal through August 9, 1996. In March 1999, Claimant sought additional benefits: temporary total disability/temporary partial disability wage-loss benefits or, alternatively, PTD benefits. She also sought medical treatment for her low-back condition. The basis of the claim was that her original compensable injury had caused an altered gait that resulted in a low-back injury. A second hearing was held on October 3, 2001. The JCC found Claimant’s low-back condition compensable and awarded PTD benefits/supplemental benefits from February 19, 1999, and authorized future treatment of her low-back condition. In so doing, the JCC erred in part.
We find that Claimant’s disability claim is barred because she failed to file a petition for modification, as required by section 440.28, Florida Statutes (1987), within two years after the entry of the April 12, 1994 order. See Gen. Elec. Co. v. Spann, 479 So.2d 289 (Fla. 1st DCA 1985). Accordingly, we reverse that portion of the JCC’s order awarding disability benefits. However, concluding that the JCC’s authorization of medical treatment for Claimant’s low-back condition is supported by competent substantial evidence, we affirm that part of the JCC’s order. See id.
REVERSED in part and AFFIRMED in part.
BROWNING, POLSTON and HAWKES, JJ., Concur.