**CHARLES D. HUGHES v. THE B. F. GOODRICH COMPANY, a New York corporation, etc., et al.**

11 So. (2nd) 313                                      June Term, 1942
January 8, 1943                                              En Banc
Rehearing Denied February 3, 1943

*Knight & Green* for appellant.

*McKay, Dixon & DeJarnette,* for appellees.

WHITFIELD, J.:

On September 7, 1936, an action at law was instituted in the Circuit Court by Hughes against the appellees here to recover damages for his personal injuries in effect alleged to have been caused on or about November 18, 1935, by negligence for which defendants are liable.

On the question raised as to whether the Circuit Court had jurisdiction or whether the proceeding should be under the Workmen's Compensation Law before an administrative board, this Court denied Prohibition on the ground that the challenged jurisdiction depended upon facts to be determined by the Circuit Court subject to appellate review. State ex rel. v. Trammell, 140 Fla. 500, 192 So. 175.

An issue was in effect made as to whether on the evidence the remedy was by the action at law or under the Workmen's Compensation Act, the Trial Court stating "I find in the case that the plaintiff is restricted to the benefits, provisions and procedure provided by the Florida Workmen's Compensation Law of the year 1935," rendered judgment for the defendant upon the following directed verdict:

"We, the jury, find the defendants not guilty by reason that plaintiff's right of relief is under the Florida Workmen's Compensation Act exclusively.

"So say we all.

"Dated at Miami, Florida, this 17th day of January, A. D. 1942."

Plaintiff appealed and filed the following:

"Question Raised

"Chapter 17481, Acts of 1935, contained three Sections pertaining to securing compensation to the employee by the employer, to-wit:

"(1) Section 38 provided for the insuring of payment of such compensation and the method of so doing;

"(2) Section 40 of the Act provided that every employer 'who has secured compensation under the provisions of this Act shall keep posted in a conspicuous place or places in and about his place or places of business typewritten or printed notices, in accordance with a form prescribed by the Commission, stating that such employer has secured the payment of compensation in accordance with the provisions of this Act. Such notices shall contain the name and address of the carrier, if any, with whom the employer has secured payment of compensation and the date of the expiration of the policy;'

"(3) and Section 11 provided that 'If an employer fails to secure payment of compensation as required by this Act an injured employee . . . may elect to claim compensation under this Act, or to maintain an action at law . . . for damages on account of such injury . . . in such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee;'

"In an action where the employee rejects compensation and brings a common law suit against the employer, and where the pleadings are settled upon the theory that the failure of the employer to post the notices provided for by law gave the employee an election to bring a common law suit, the employee being prior to his injury ignorant of the fact that the employer had purchased an insurance policy, and where plaintiff's witnesses testify that no notice was ever posted about the place of business, and the defendants' witnesses contend that such notice was posted, was it error for the trial judge to direct a verdict at the conclusion of all the testimony for both defendants, the employer and its manager, upon the theory that Section 40 was invalid and unenforcible?

"Circuit Court's answer: 'No.'

(Raised by Assignments of Error numbered 1 to 6 inclusive.)

"The plaintiff proposes the above question raised by assignments of Error filed herewith as the sole question for adjudication in the Supreme Court of Florida upon the appeal taken by the plaintiff from the final judgment and orders complained of."

The circuit court did not render the judgment "upon the theory that Section 40 was invalid and unenforcible." The Court in effect held that noncompliance by the employer with Section 40 of Chapter 17381 did not give the employee a right to maintain an action at law in this case in view of the provisions of Chapter 17481 and that the plaintiff's remedy was under said Chapter and not an action as at common law. Pertinent provisions of the Florida Workmen's Compensation Act, Chapter 17481, Acts of 1935, are as follows:

"Application

"Section 3. From and after the taking effect of this Act, every employer and every employee, unless otherwise specifically provided, shall be presumed to have accepted the provisions of this Act, respectively to pay and accept compensation for injury or death, arising out of and in the course of employment, and shall be bound thereby unless he shall have given prior to the injury, notice to the contrary as provided in Section 5.

"Waiver of Exemption

"Section 4. (a) An employer or employee who has exempted himself by proper notice from the operation of this Act may at any time waive such exemption and thereby accept the provisions of this Act by giving notice as provided in Section 5.

"(b) Every employer or employee in those classes of employment excepted or exempted from the operation of this Act may at any time waive the exclusion or exemption of such employment and thereby accept the provisions of this Act by giving notice of waiving of such exemption as provided in Section 5 and by so doing be as fully protected and covered by the provisions of this Act as if such exclusion or exemption of such employment were not herein provided.

"Notice of Non-Acceptance and Waiver of Exemption

"Section 5. Notice of non-acceptance of this Act and notice of waiver of exemption heretofore referred to shall be given in accordance with the following provisions:

"(a) Every employer who elects not to accept the provisions of this Act or who waives such exemption as the case may be, shall post and keep posted in a conspicuous place or places in and about his place or places of business typewritten or printed notices to such effect in accordance with a form to be prescribed by the Commission. He shall file a duplicate of such notice with the commission.

"(b) Every employee who elects not to accept the provisions of this Act or who waives such exemption, as the case may be, shall deliver to the employer or shall send to him by mail addressed to him at his office, notice to such effect in accordance with a form to be prescribed by the Commission. He shall file a duplicate of such notice with the Commission.

"(c) Such notice shall be given thirty days prior to any injury, provided, however, that if the injury occurs less than thirty days after the date of employment, such notice given at the time of employment shall be sufficient notice.

"When Employer Rejects Act—Effect

"Section 6. Every employer who elects not to operate under this Act by giving proper notice as provided in Section 5 may not, in any suit brought against him by an employee subject to this Act to recover damages for injury or death, defend such a suit on the grounds that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

"When Employee Rejects Act—Effect

"Section 7. Every employee who elects not to operate under this Act, in any action to recover damages for injury or death brought against an employer who accepts the provisions of this Act shall proceed as at common law and the employer in such suit may avail himself of the defenses of negligence of fellow servant, assumption of risk and contributory negligence, as such defense exists at common law.

"When Employer and Employee Reject Act—Effect

"Section 8. When both employer and employee elect not to operate under this Act the liability of the employer shall be the same as though he alone rejected the terms of this Act and in any action brought against him by such employee, he may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to contributory negligence of the employee."

"Liability for Compensation

"Section 10. (a) Every employer who does not elect to operate under the provisions of this Act shall be liable for and shall secure the payment to his employees of the compensation payable under Sections 13, 15 and 16. In the case of an employer who is a sub-contractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the sub-contractor unless the sub-contractor has secured such payment.

"(b) Compensation shall be payable irrespective of fault as a cause for the injury, except as provided in Section 9, paragraph (c).

"Exclusiveness of Liability

"Section 11. The liability of an employer prescribed in Section 10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this Act an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this Act, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

"Compensation Notice

"Section 40. Every employer who has secured compensation under the provisions of this Act shall keep posted in a conspicuous place or places in and about his place or places of business typewritten or printed notices, in accordance with a form prescribed by the Commission, stating that such employer has secured the payment of compensation in accordance with the provisions of this Act. Such notices shall contain the name and address of the carrier, if any, with whom the employer has secured payment of compensation and the date of the expiration of the policy."

The above quoted and other provisions of Chapter 17481 should be considered together and the entire enactment should be so interpreted as to effectuate the legislative intent. The provisions of the statute operate with equal fairness upon the employer and the employee, and no undue burdens are imposed. The remedy afforded in cases covered by the statute is appropriate and requires due process and equal protection of the laws, within the operation of the enactment.

Section 40 does not in any way modify, limit or control other sections of the Act. Section 3 is binding upon every employer and every employee unless the notice required by Section 5 is duly given, it not being "otherwise specifically provided" in the enactment.

The provisions of Section 40 are for the benefit of the employees in keeping them advised so that they may assert their rights under Section 4 and other sections of the statute as they may desire. Compliance with Section 40 is not a prerequisite to the statutory presumed acceptance of the provisions of the Act by employees who do not duly exempt themselves from the provisions of the Act.

Decisions predicated upon statutory provisions that are essentially different from those contained in the Act here considered are not to be regarded as precedents for a decision in this case. The Florida statute is the controlling law, and it should be interpreted so as to effectuate the legislative intent as shown by the terms and purpose of the enactment considered as en entirety, the Act not being shown to be unconstitutional. The Act itself is notice of its provisions

to employers and employees alike; and the Act by its terms is applicable to every employer and employee within the scope of its provisions unless otherwise provided in the Act for exemptions duly taken from its provisions.

It is not shown that the circuit judge erred in his decision as to the proper forum in this case, and the judgment rendered is affirmed without prejudice.

So ordered.

BROWN, C. J., TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BUFORD, J., dissents.