ADKINS, Justice.
We have for review by petition for writ of certiorari, an order of the Industrial Relations Commission affirming an order of the Judge of Industrial Claims.
The petitioner, Webb Dean, was employed by H. W. McLeod as a carpenter and sustained an injury to his left eye in the course of his employment in 1962. In February, 1963, an order was entered by the Judge of Industrial Claims in which compensation benefits and continuing remedial medical care from the employer’s physician were awarded. The medical care was to continue for so long as the nature of the injury might require. In June, 1966, Dean filed a claim for additional medical care and for modification of the original order as allowed under Fla.Stat. § 440.28, F.S.A., which petition was denied by the Judge of Industrial Claims by an order entered in September, 1968. In August, 1970, Dean again filed a petition for modification under Fla.Stat. § 440.28, F.S.A., claiming a change of condition for the worse and/or mistake of fact in the order of September, 1968.
A hearing was held before the Judge of Industrial Claims on the sole issue of whether or not the Statute of Limitations had run as to the petition filed in August, 1970. The Judge of Industrial Claims ruled that it had not. The Industrial Relations Commission reversed, and we granted certiorari to consider the issue of the Statute of Limitations.
The crux of the problem before this Court is determining what interpretation should be placed on the wording of the controlling statute, Fla.Stat. § 440.28, F.S.A.:
“Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the division may at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in § 440.-25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.” (Emphasis supplied.)
The Workmen’s Compensation Act does not define the term “claim,” and no general definition of the term is useful in determining this cause. Dean urges that the phrase “order rejecting a claim” can be given two interpretations. The broad interpretation offered by Dean would include any matter sought by a claimant before the Judge of Industrial Claims, and would thus include any petition for modification of an order. This interpretation would allow a claimant to toll the limitation period by filing any petition for modification, however frivolous, and would render the Statute of Limitations totally void.
Dean urges that a narrow interpretation of the phrase, limiting an “order rejecting a claim” to original claims, is also met in the case sub judice in that the petition denied in 1968 included separate claims for medical care and compensation. It is urged that these claims were in addition to a petition for modification, but as shown in Fla.Stat. § 440.28, F.S.A., the Judge of Industrial Claims is specifically empowered to “issue a new compensation order” or *728 “award compensation,” so that Dean’s argument is not well taken. All the claims which were alleged in the 1966 petition could be considered in a petition for modification.
While it is the purpose of the Workmen’s Compensation Act to protect the worker and, while this Court has ruled that doubt should be resolved in favor of the workingman [Thomas Smith Farms, Inc. v. Alday, 182 So.2d 405 (Fla.1966)], this Court has also ruled that the enactment is fair to both employer and employee and should be enforced so as to protect the legislative intent. Hughes v. B. F. Goodrich Co., 152 Fla. 170, 11 So.2d 313 (1943). The legislative intent would be thwarted completely if this Court were to adopt the view proffered by Dean as the Legislature could not have intended a hollow Statute of Limitations which could be tolled indefinitely by merely couching successive petitions in the proper terms.
The question before this Court has not been previously considered by this Court, but has been considered previously by the Industrial Relations Commission, and the Commission’s findings in the case sub ju-dice follow the reasoning of the earlier cases. In Ratliff v. Guerdon Industries, Inc., F.I.C. decision No. 2-1638; cert. den. 203 So.2d 153 (Fla.1967), the Commission considered an attempt by a claimant to petition for modification of an order denying an earlier petition for modification, and the result was the same as that reached in the case sub judice:
“In our opinion, this is not proper procedure under Section 440.28, Florida Statutes, i.e., to petition for modification of a prior Order which denied the claimant’s claim by way of petition for modification on the grounds that he failed to show a change of condition pursuant to Section 440.28, supra. We believe that the correct method, on repetition, is to petition for modification of the award granted in the compensation Order.”
In a similar situation, the Commission came to a similar decision in Berrien v. United States Phosphoric Products, 5 F.C.R. 232 (1963), cert. den. 157 So.2d 809 (Fla.1963):
“Where compensation is paid claimant pursuant to an Order and subsequent to the termination of the payment of compensation or the furnishing of remedial treatment pursuant to said Order, claimant timely files a new claim or petition for modification, the mere filing of said petition or claim does not, ipso facto, initiate or revive the full limitation period for filing same; thus, if the claim is dismissed and thereafter another petition or claim is not filed within the limitation period for filing same following the last payment of compensation or furnishing of remedial treatment, the petition for modification has not been timely filed.”
In the case sub judice, the Industrial Relations Commission applied similar reasoning in overturning the order of the Judge of Industrial Claims:
“In order to find this petition for modification to come within the time limitations imposed by Florida Statutes 440.28, it would be necessary to find the Order of September 4, 1968, to be one rejecting a claim rather than an Order denying a prior petition for modification. The Order of September 4, 1968, being one which merely denies a petition for modification and which does not deny a claim, has not tolled the running of the two-year limitation.” Industrial Relations Commission decision, filed September 8, 1971.
This Court has not, in the past, considered it necessary to redefine the terms of Fla.Stat. § 440.28, F.S.A., for the Industrial Relations Commission, and there is no *729 reason to change that position in the case sub judice, and thereby, in effect, repeal the Statute of Limitations included in the section.
Dean offers one final argument and urges that, failing a redefinition of terms, his petition for modification is still timely in that the original order in 1963 allowed for continuing medical treatment for so long as necessary in connection with the healing of the eye injury. By its very nature, this portion of the original'order is remedial and this Court has held that remedial treatments should not be considered as payment of compensation so as to toll the running of the limitation period in Fla. Stat. § 440,28, F.S.A. Mansell v. Mulberry Construction Co., 196 So.2d 436 (Fla.1967). The Court also ruled in Mansell that remedial medical treatment does act to toll the limitation period of Fla.Stat. § 440.13(3) (b), F.S.A., which specifically deals with modification of orders of remedial medical treatment. Dean’s position is further weakened by the uncontradicted finding of the Commission that there has been no remedial medical treatment since the petition of 1966.
Thus, short of redrafting Fla.Stat. § 440.28, F.S.A.., there is no tenable position which would allow Dean to seek modification of the original order issued by the Judge of Industrial Claims and no basis to allow him to seek to modify the order of the Judge of Industrial Claims rendered in 1968. A petition for modification cannot act to toll the limitation period for subsequent petitions for modification of an original order of compensation or a denial of an original claim for compensation.
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD and McCAIN, JJ., concur.