467 So.2d 1050 (1985)
Emmett FORD, Appellant,
v.
ALEXANDER CABINET COMPANY and American Mutual Liability Insurance Company, Appellees.
No. AY-415.
District Court of Appeal of Florida, First District.
April 11, 1985.
Rehearing Denied May 17, 1985.
*1051 Paul D. Srygley, Tallahassee, for appellant.
James N. McConnaughhay of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellees.
MILLS, Judge.
Ford appeals from a workers' compensation order denying his claim for treatment at a pain clinic. He contends the deputy erred in finding the claim barred by Section 440.28, Florida Statutes (1979). We affirm.
Ford had an industrial accident on 4 March 1979. The employer/carrier voluntarily paid temporary total disability (TTD) benefits from 5 March 1979 to 1 February 1980, and permanent partial disability (PPD) benefits from 2 February 1980.
Later, Ford filed a claim seeking a change back to TTD status and treatment at a pain clinic. On 6 March 1981, the deputy denied both requests, finding Ford reached maximum medical improvement on 1 February 1980 with a 20% permanent impairment of the body as a whole. That order was appealed to this Court where it was per curiam affirmed. Ford v. Alexander Cabinet Co., Inc., 411 So.2d 386 (Fla. 1st DCA 1981).
Ford thereafter sought greater PPD benefits and retroactive TTD benefits. The deputy denied retroactive TTD benefits, but awarded greater PPD benefits. The order, as amended, was entered on 30 April 1982.
On 11 April 1983, Ford filed a claim again requesting pain clinic treatment. He argued the claim was timely under Section 440.13(3)(d), Florida Statutes (Supp. 1978), now Section 440.19(1)(b), Florida Statutes (1983), or under Section 440.28, Florida Statutes (1979). The deputy entered an order finding Ford could not proceed under Section 440.19(1)(b), and treating the claim as a Section 440.28 petition to modify the 6 March 1981 order. Finding the de facto petition filed more than two years after 6 March 1981, the deputy denied it as untimely.
The deputy did not err in finding Ford could not proceed under Section 440.19(1)(b). That provision applies to initial claims for remedial attention and subsequent claims for remedial attention already awarded pursuant to a prior order. *1052 Because Ford sought the same medical attention denied in the March 1981 order, the proper procedure was to petition for modification of that order pursuant to Section 440.28.
The question then becomes whether the petition was untimely. In part, Section 440.28 provides:
[T]he deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
Ford argues that because he continues to receive PPD benefits pursuant to the 30 April 1982 order, he is receiving compensation "pursuant to any compensation order" and therefore may seek to modify the March 1981 order. But because the March 1981 order rejected the claim for pain clinic treatment, the applicable limitation period is "2 years after the date copies of an order rejecting a claim are mailed to the parties," not "2 years after the date of the last payment of compensation pursuant to any compensation order." Thus the petition, having been filed more than two years after the date copies of the March 1981 order were mailed to the parties, was untimely.
Ford also argues that Section 440.28 does not apply because it pertains only to modification of compensation orders, not to modification of orders relating to medical benefits. We reject this argument because Section 440.28 has been construed to encompass modification of orders relating to medical benefits. Fruit Bowl, Inc. v. Cheathem, 155 So.2d 865 (Fla. 1963); Bishop v. Pinellas Framing & Finishing, 414 So.2d 596 (Fla. 1st DCA 1982).
We do, however, think the language of Section 440.28 lacks preciseness because medical benefits are not always considered compensation. For example, remedial medical treatment is not payment of compensation so as to toll the limitation period of Section 440.28. Dean v. McLeod, 270 So.2d 726 (Fla. 1972). The distinction is also perpetuated in Section 440.19(1), which contains two limitation periods for compensation and a third for remedial attention. More precise legislative drafting would do much to eliminate the confusion.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.