483 So.2d 723 (1985)
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellants,
v.
Wesley McLARTHY, Appellee.
No. BG-71.
District Court of Appeal of Florida, First District.
November 25, 1985.
On Motion for Rehearing February 14, 1986.
*724 Barry D. Graves of Ritch & Graves, Gainesville, for appellants.
Terence J. Kann of Davis, Weiss & Kann, Gainesville, for appellee.
PER CURIAM.
AFFIRMED.
ERVIN, SMITH and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
ERVIN, Judge.
Appellants filed a motion for rehearing in the above-styled cause, alleging, among other things, that the effect of our per curiam affirmance without opinion of the deputy commissioner's compensation order, which, in awarding temporary total disability (TTD) benefits, found that the statute of limitations had not expired, conflicts with this court's recent opinion in General Electric Company and Electric Mutual Liability v. Spann, 479 So.2d 289 (Fla. 1st DCA 1985). We agree and reverse.
On June 13, 1979, a "shotgun" claim was filed by appellee, seeking all benefits provided by Chapter 440, including temporary total disability (TTD), as a result of a work-related accident to claimant's right arm and shoulder, which occurred in 1975. On January 21, 1981, the deputy found that claimant had been injured by accident arising out of and in the course of employment on April 20, 1975; that he had reached maximum *725 medical improvement (MMI) on October 21, 1980, with a 16-percent permanent physical impairment to the body as a whole. As a result of the January 1981 order, claimant was paid permanent partial disability (PPD) benefits through April 25, 1982. A petition for modification of the order was filed in 1983, alleging that claimant had suffered a change in his condition following the entry of the order, thereby requiring an increase in PPD benefits. The petition was denied on July 13, 1983. Subsequently, on September 15, 1983, the employer/carrier (e/c) voluntarily authorized the claimant to begin treatment with Dr. Waters, who determined that claimant was in need of surgery to the injured shoulder. Claimant was admitted for surgery in July of 1984, and thereafter the e/c voluntarily paid TTD benefits on July 25, 1984. Finally, on November 19, 1984, claimant filed a claim for TTD benefits for the period of time that he was recovering from the surgery, from August 1, 1984 to October 18, 1984. The e/c defended on the basis that the claim was not timely filed pursuant to Section 440.28, Florida Statutes (1975), and was barred. Specifically, the carrier argued that MMI and permanency had previously been established by the order of January 21, 1981; that the last compensation benefit paid pursuant to that order was on April 25, 1982; therefore all further claims were barred by the two-year limitation provisions of section 440.28, as of April 25, 1984.
On March 25, 1985, the deputy entered the order on review, finding that the claim filed on November 19, 1984 was timely under both Sections 440.19(1)(a), and 440.28, Florida Statutes (1975), and therefore claimant was entitled to TTD and other benefits during the requested period. Specifically, the deputy held that the claim was properly filed under section 440.19(1)(a)[1] because the current claim sought only TTD benefits for the healing period required by claimant's recently performed surgery, and the e/c had never controverted claimant's entitlement to such benefits; therefore claimant had been furnished no opportunity to have his entitlement to such benefits addressed by order. The deputy reasoned that because the last voluntary payment of TTD benefits was made to the claimant in August of 1984, and remedial treatment continued to be voluntarily furnished to the claimant, the claim for TTD benefits filed in November of 1984 was timely and not barred by the limitation provisions of section 440.19(1)(a).
The appellant carrier replies that that portion of the above order, stating that claimant had never, prior to the filing of the instant claim, made a claim for TTD benefits, is a misstatement of fact and is not supported by the record. Claimant answers that although the original claim filed in 1979 included a claim for such benefits, the claim was withdrawn before the claim came on for final hearing, with the result that the deputy had before him only the issue of claimant's entitlement to PPD benefits.
Although we find nothing in the record to support the claimant's assertion that the claim for TTD was withdrawn, and not considered by the deputy, we consider that such disputed issue is immaterial insofar as the applicability of section 440.19(1)(a) to the instant claim. The general rule is that TTD benefits are not available to an injured claimant, once a date has been established finding that a claimant has reached MMI, on the ground that the date of MMI marks the end of temporary disability and the beginning of permanent disability, except under unusual circumstances. Department of Offender Rehabilitation v. Godwin, 394 So.2d 1091 (Fla. *726 1st DCA 1981). Indeed, if an order has been entered awarding compensation benefits, regardless of their classification as either temporary or permanent, the rule is that a carrier's voluntary payment or reinstatement of benefits does not trigger the time provisions of section 440.19(1)(a). See Jones v. Ludman Corp., 190 So.2d 760, 761 (Fla. 1966) (section 440.19(1)(a) "is limited ... to the situation where payments are made without an award, in which case further payments may be made within two years after payment of compensation or remedial treatment"). Accord Bassett's Dairy v. Thomas, 429 So.2d 1356 (Fla. 1st DCA 1983) (Sections 440.19(1)(a) and 440.28 are designed to be used in different situations, depending upon whether benefits for a particular injury have been furnished pursuant to a compensation order for a single injury, or entirely without an award.). Finally, General Electric Co. and Electric Mutual Liability v. Spann is clear-cut authority for the position that once an order fixes the date of MMI and awards PPD, a later claim, whether seeking additional temporary or permanent benefits, or both, must meet the limitation provisions of only section 440.28  not 440.19(1)(a).
Accordingly, once a compensation order has been entered and payments are made pursuant thereto, it makes no difference whether the original claim contained a request for both temporary or permanent compensation. The appropriate way to proceed for modification of the original order is by section 440.28. Because claimant in the instant case suffered only one work-related injury for which he received compensation pursuant to order, any later claim seeking to alter the effect of such order was not an initial claim, but a request to modify the prior order because of a change in condition. The provisions of section 440.28 therefore exclusively apply.
The deputy further found that the claim filed in 1984 was not barred by the provisions of section 440.28,[2] on the ground that the statute permits a petition for modification to be filed "at any time prior to two years after the date copies of an order rejecting the claim are mailed... ." The deputy's order recited that the petition seeking a change in condition was filed on November 19, 1984, within two years after the 1983 order rejecting the claim for increased PPD benefits, therefore the instant claim was timely filed pursuant to such statute.
The deputy erroneously considered that the order of 1983 had the effect of tolling the running of the time limitations set out in section 440.28. Those provisions, requiring that an application be filed within two years after the date copies of an order rejecting a claim are mailed, have been interpreted to refer to only original claims. See Dean v. McLeod, 270 So.2d 726 (Fla. 1972). Accordingly, if an order is entered on an initial claim, and another claim or a petition to modify the order is not filed within two years after the date copies of an order denying the claim are mailed, or, if an award is granted, within two years after the last payment of compensation or furnishing of remedial treatment pursuant to order, the petition or claim will be barred. Id. See also Berrien v. United States Phosphoric Products, 5 FCR 232, cert. denied, 157 So.2d 809 (Fla. 1963). Cf. Ford v. Alexander Cabinet Co., 467 So.2d 1050 (Fla. 1st DCA 1985).
In the instant case, the claim seeking temporary benefits was filed on November 19, 1984, more than two years after *727 the last payment of compensation benefits pursuant to the first order. As a result, the second order entered on July 13, 1983, denying claimant's petition for modification, could not act to toll the running of the statutory provisions provided in section 440.28. Neither could the carrier's voluntary payments of compensation and voluntary furnishing of remedial treatment to claimant serve to revive the statutory provisions of section 440.28, after a compensation order had been entered. See Spann. Finally, since the provisions of section 440.28 are solely applicable to the instant case, the carrier cannot be estopped because of its voluntary actions from asserting the statute of limitations as a defense to appellant's claim, since estoppel, an affirmative defense, is inapplicable to section 440.28, and the time limitations contained therein are strictly jurisdictional. Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997, 999 (Fla. 1st DCA 1981).
Because the instant claim was not filed within the time limitations provided in section 440.28, the order entered below is
REVERSED.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] Section 440.19(1)(a), Florida Statutes (1975), provides:

The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
[2] Section 440.28, Florida Statutes (1975), provides in part:

Upon a judge's own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the judge of industrial claims may at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.