FRANK, Associate Judge.
The appellant, Palm Beach County Board of County Commissioners (Palm Beach), appeals from the deputy commissioner’s order entered on June 5, 1985, awarding the appellee, Sidney Roberson (claimant), temporary total disability (TTD) benefits based upon a change in his condition.
On October 28, 1976, the claimant suffered a compensable injury resulting from an accident which arose out of and in the course of his employment with Palm Beach. As a result, he underwent surgery involving a total hip replacement.
The claimant received temporary disability and medical benefits until the deputy commissioner entered an order on December 29, 1980, setting the date of maximum medical improvement (MMI) as August 12, 1980, finding a 40% permanent partial disability and awarding permanent partial disability (PPD) benefits. In 1981, the claimant underwent additional surgery to remove bone fragments from his hip. Benefits paid pursuant to the 1980 order terminated on September 17, 1982.
On December 19, 1983, a hearing was conducted to resolve the claimant's request for additional TTD benefits until he completed a job retraining course designed to equip him to obtain a less physically demanding job. After considering the evi *181 dence, the deputy commissioner approved a rehabilitation program in which the claimant was enrolled. An order was entered on January 11, 1984, awarding TTD benefits to the claimant for the duration of the rehabilitation program. The deputy commissioner noted in that order, from which Palm Beach did not appeal, that the award was consistent with sections 44Q.15(2)(b) and 440.49, Florida Statutes (1975). The deputy commissioner incorporated the December 29,1980, order, by reference, in the January 11, 1984 order.
Benefits paid pursuant to the 1984 order ended on October 8, 1984. On June 5, 1985, the claimant filed a claim, framed as a modification of the 1980 order, requesting TTD benefits based upon a change in his condition. Palm Beach opposed the claim contending that the statute of limitations, section 440.28, Florida Statutes (1975), foreclosed modification of the 1980 order.[1] According to competent and substantial expert testimony accepted by the deputy commissioner, the hip arthroplasty performed on the claimant due to the original injury had loosened causing the claimant not only pain, but also rendering him temporarily and totally disabled since October 9, 1984. The testimony credited by the deputy commissioner disclosed the claimant’s need for additional hip surgery. Based upon the foregoing facts, the deputy commissioner entered an order awarding the claimant TTD benefits flowing from a change in his condition.
From among the several issues presented by Palm Beach on appeal, we distill only one warranting analysis. We affirm the deputy commissioner.
Upon consideration of the present record, the threshold question confronting us is whether the 1984 order falls within the intendment of “any compensation order” referred to in section 440.28, Florida Statutes (1975). If the 1984 order granting TTD benefits until October 8, 1984, is encompassed within that statutory phrase, it, and not the 1980 order, is the starting point in determining the effective moment of the two year limitation prescribed in section 440.28.
In awarding the claimant benefits in 1984, the deputy commissioner relied upon section 440.15(2)(b), Florida Statutes (1975), which provides that “compensation shall be paid ... [for] ... such period as may be reasonably required ... and shall include such period as the employee may be receiving training or education under a rehabilitation program.” Consistent with the supreme court’s most recently expressed views associated with the administration of Chapter 440, “[w]hen the language of a statute is clear, courts may not look beyond the plain meaning of that language” and “given the unambiguous language of [section 440.28], it would be inappropriate for us to read into [it] more obstacles for claimants than” the provision demands. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla.1986). Moreover, even if there were ambiguity or other uncertainty arising from the interaction of sections 440.15(2)(b) and 440.28, “Florida’s workers’ compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.” At 1256. Within the confines of those principles, we conclude that the reference in section 440.-15(2)(b) to the word “compensation” renders the deputy commissioner’s 1984 order a compensation order. Thus, the 1985 order is well within section 440.28’s two year *182 limitation measured from the last compensation payment received by the claimant. In reaching our conclusion, we have not ignored the emphasis Palm Beach places upon General Electric Company v. Spann, 479 So.2d 289 (Fla. 1st DCA 1985). General Electric, however, is distinguishable from the instant matter. In General Electric, the claim for additional benefits occurred more than two years after the final payment of the PPD. Here, the 1984 compensation order intervened prior to the expiration of two years from the final payment under the 1980 order.
We also find Ford v. Alexander Cabinet Co., 467 So.2d 1050 (Fla. 1st DCA 1985), inapplicable. In Ford, the claimant sought to relitigate, through the stratagem of seeking modification of a prior order, a claim for pain clinic treatment which had been unsuccessfully litigated over two years earlier. We affirmed the deputy commissioner’s denial of the claim notwithstanding the claimant was still receiving PPD benefits. Such denial, however, was based upon the application of that portion of section 440.28 which bars modification of an order “2 years after the date copies of an order rejecting a claim are mailed to the parties,” and not that aspect of the statute imposing a barrier to the modification of an order upon the expiration of two years following the last compensation payment. Id. at 1052. In the instant matter, by contrast, the claimant sought and for the first time was awarded TTD benefits in 1985 because of an unanticipated reversion to a condition of temporary disability arising from the original compensable event, an award which may be achieved even after a finding of MMI and the grant of PPD benefits. See Emergency One, Inc. v. Williams, 431 So.2d 251 (Fla. 1st DCA 1983). Thus, we reject the assertion by Palm Beach that the 1985 proceeding resulted in the claimant accomplishing the relitigation of MMI and PPD which had been resolved in the 1980 order; hence, res judicata, estoppel and law of the case do not, upon the record before us, preclude the deputy commissioner’s order. But cf. Southern Bell Tel. & Tel. Co. v. Blackstock, 419 So.2d 360 (Fla. 1st DCA 1982).
Accordingly, the deputy commissioner’s order is affirmed.
NIMMONS and BARFIELD, JJ„ concur.

. Section 440.28, Florida Statutes (1975), provides, in pertinent part, as follows:
Upon a judge’s own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the judge of industrial claims may at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.