JOANOS, Chief Judge.
The employer/carrier in this workers’ compensation cause appeal an order of the judge of compensation claims granting the claimant’s petition for modification of a prior order, in which a claim for permanent total disability benefits had been denied. The issue is whether the October 4, 1989, claim for modification of an order dated February 23, 1987, is barred by the statute of limitations. We affirm.’
The facts are not in dispute. The claimant was employed as a heavy equipment operator, when he suffered a compensable back injury on January 25, 1983. Since that time, he has undergone two back surgeries related to the industrial accident, and a third surgery has been recommended. In 1986, claimant filed a claim for permanent total disability benefits. The claim was denied in an order issued February 23, 1987. On August 18, 1987, a claim was filed for wage loss benefits for the period of May 1, 1987, to June 11, 1987. The carrier controverted the claim. On January 14, 1988, an order issued awarding the contested wage loss benefits.
On October 4, 1989, claimant filed a claim for modification of the order of February 23, 1987. Counsel for employer/carrier agreed that claimant otherwise would be entitled to permanent total disability benefits, but asserted that the statute of limitations had run with regard to any claim for modification of the February 23, 1987, order. Claimant maintained that the section 440.28 two-year statute of limitations runs from any compensation order, not just the order sought to be modified, and that the petition for modification was timely, because it was filed within two *1068 years of the January 14,1988, order awarding wage loss benefits.
At the hearing, the discussion focused on the language of section 440.28, and the construction accorded that provision by this court’s opinion in Ford v. Alexander Cabinet Co., 467 So.2d 1050 (Fla. 1st DCA 1985). The judge of compensation claims concluded, on the basis of the “most favorable remedy” doctrine, that the claim was not time barred, and awarded permanent total disability benefits pursuant to the stipulation of employer/carrier.
The statute applicable, section 440.28, Florida Statutes, (1983), provides in part:
Modification of orders. — Upon a deputy commissioner’s own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation. ... (Emphasis supplied.)
It is well settled that where the language of a statute is clear and unambiguous, courts may not go beyond the plain meaning of that language. See Daniel v. Holmes Lumber Co., 490 So.2d 1252, 1256 (Fla.1986), and cases cited therein. Further, it is a settled principle that in view of the remedial nature of workers’ compensation laws, “courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.” Id. See also Norwood Shell, Inc. v. Forbing, 455 So.2d 504 (Fla. 1st DCA), review denied, 459 So.2d 1041 (Fla.1984), determining that section 440.28 “is susceptible to disparate interpretations,” and thus warrants application of the “most favorable remedy doctrine” calling for a construction most favorable to the employee claimant. See Kerce v. Coca-Cola Co.—Foods Division, 389 So.2d 1177 (Fla.1980).
In Ford v. Alexander, this court ruled that a petition for modification, which, in effect, seeks specific benefits that were denied in a prior compensation order, must be filed within two years of that order. 467 So.2d at 1052. An examination of the rationale set forth in Daniel v. Holmes Lumber Co. indicates that the construction we accorded to section 440.28 in Ford v. Alexander, has been rejected by the Florida Supreme Court. Under Daniel, any claim filed within two years of the last voluntary compensation payment is timely within the contemplation of section 440.28. See also Griffin v. Orlando Regional Medical Center, 578 So.2d 448, 449 (Fla. 1st DCA 1991); Norwood Shell, Inc. v. Forbing.
Accordingly, we recede from our decision in Ford v. Alexander, and affirm the order of the judge of compensation claims granting the petition for modification.
SMITH and BARFIELD, JJ., concur.