BOOTH, Judge.
This cause is before us on appeal from an order denying compensation benefits. Appellant contends that the judge of compensation claims (JCC) erred in applying Section 440.28, Florida Statutes, to deny the claim for additional benefits.
In December of 1983, claimant contracted an occupational disease. On August 2, 1984, the JCC awarded temporary total disability (TTD) benefits for the period February 9, 1984 through May 3, 1984, past medical expenses, and further medical care as the nature of the injury or process of recovery required. The amended final order states:
I accept the medical testimony of Dr. Charles Tate, the leading expert in this case, that the claimant reached maximum medical improvement on June 4, 1984,....
Compensation benefits were last paid in 1984. Some five years later, on August 15, 1989, claimant filed a claim for additional benefits seeking TTD from May 25, 1989, to the present. The employer and carrier controverted the claim on the ground that:
Claimant reached MMI on June 4, 1984 with no permanent impairment per order of Deputy Commissioner Lawrence Lan-ger on August 2, 1984. There was no appeal, no petition to modify, no claim for further compensation benefits made within two years per FS 440.28.
The JCC denied benefits in the order herein sought to be reviewed, holding:
Thus, while the medical evidence would establish that the claimant has suffered a change of condition, as a result of which he has been temporarily and totally disabled since May 29, 1989 and remained so to the date of the hearing, June 19, 1990, the claim for reinstatement of compensation must be denied for lack of a timely filing of a petition for modification under the provisions of Section 440.28.
In University of Florida v. McLarthy, 483 So.2d 723, 725 (Fla. 1st DCA 1985), this court held that:
The general rule is that TTD benefits are not available to an injured claimant, once a date has been established finding that a claimant has reached MMI, on the ground that the date of MMI marks the end of temporary disability and the beginning of permanent disability, except under unusual circumstances.
Claimant contends, however, that the finding of maximum medical improvement (MMI) should be ignored by this court because permanent benefits were not at issue below. The original order found that “claimant had reached maximum medical improvement on June 4, 1984 with no permanent impairment.” On motion for rehearing, the JCC struck the finding of no permanent impairment. Claimant, how *1182 ever, did not seek, on rehearing, to strike the JCC’s finding of MMI. We are not free to revise that finding, which was supported by competent, substantial evidence of record at the time entered. Appellant’s remedy was by timely application for modification under Section 440.28, Florida Statutes. University of Florida v. McLarthy, supra; Keller Kitchen Cabinets v. Holder, 586 So.2d 1132 (Fla. 1st DCA 1991). Claimant’s failure to bring an action within the two years allowed by Section 440.28, Florida Statutes, precludes his receiving additional compensation benefits.
Accordingly, we must affirm the order of the judge of compensation claims.
SMITH and BARFIELD, JJ., concur.