W.J. Keeley Superintendent Police and Accident Investigations
QUESTION:
Do ss. 843.081 and 843.085, F.S., prohibit special officers for carriers appointed by the Governor pursuant to s. 354.01, F.S., from using the word "police" or blue lights on their vehicles?
SUMMARY:
Sections 843.081 and 843.085, F.S., prohibit special officers for carriers appointed by the Governor pursuant to s. 354.01, F.S., from using the word "police" or flashing blue lights on vehicles not owned by the government.[1]
Section 354.01, F.S., provides that upon the application of any railroad or other common carrier doing business in this state, "the Governor shall appoint one or more persons who have met the law enforcement qualifications and training requirements of s.943.13(1)-(10) as special officers for the protection and safety of such carriers; their passengers and employees; and the property of such carriers, passengers, and employees. . . ." Pursuant to s.354.02, F.S.:
 Each special officer shall have and exercise throughout every county in which the common carrier for which he was appointed, shall do business, operate, or own property, the power to make arrests for violation of law on the property of such common carrier, and to arrest persons, whether on or off such carrier's property, violating any law on such carrier's property, under the same conditions under which deputy sheriffs may by law make arrests, and shall have authority to carry weapons for the reasonable purpose of their offices.
Thus, special officers appointed pursuant to s. 354.01, F.S., have been given limited powers of arrest and to bear arms in the line of duty. This office has been advised, however, that although the special officers are required to meet the standards for certified law enforcement officers, they are not certified under Ch. 943, F.S.[2]
In 1991, the Legislature, finding that Florida's citizens were vulnerable to becoming victims of criminal acts through the illegal use of blue lights by criminal elements, sought to reduce this vulnerability by enacting s. 843.081, F.S.[3]
Section 843.081, F.S., makes it unlawful for "a person to use in or on any nongovernmentally owned vehicle or vessel any flashing or rotating blue light unless such person is a law enforcement officer employed by a federal, state, county, or city lawenforcement agency."[4] (e.s.) "Flashing or rotating blue light" is defined to include all forms of lights which display a blue light source or which were designed with the intent of displaying a blue light source, regardless of whether such light is actually in use.[5] Any person who violates the provisions of s. 843.081, F.S., is guilty of a misdemeanor of the first degree.[6]
The language of s. 843.081, F.S., is clear. No person may use any flashing or rotating blue light on a nongovernmentally owned vehicle unless he or she is a law enforcement officer employed by a federal, state, county or city law enforcement agency. Where the language of a statute is clear and unambiguous on its face, it must be given its plain and ordinary meaning.[7] The special officers, although appointed by the Governor, are not employees of federal, state or local law enforcement agency.[8]
Therefore, s. 843.081, F.S., prohibits such officers from using flashing or rotating blue lights on their vehicles.
Section 843.085(1), F.S., prohibits any person:
Unless authorized by the appropriate agency or displayed in a closed or mounted case as a collection or exhibit, to wear or display any authorized indicia of authority, including any badge, insignia, emblem, identification card, or uniform, or any colorable imitation thereof, of any federal, state, county, or municipal law enforcement agency, or other criminal justice agency as now or hereafter defined in s. 943.045, which could deceive a reasonable person into believing that such item is authorized by any of the agencies described above for use by the person displaying or wearing it, or which displays in any manner or combination the word or words "police," "patrolman," "agent," "sheriff," "deputy," "trooper," "highway patrol," "Wildlife Officer," "Marine Patrol Officer," "state attorney," "public defender," "marshal," "constable," or "bailiff," which could deceive a reasonable person into believing that such item is authorized by any of the agencies described above for use by the person displaying or wearing it.
Subsection (2) of s. 843.085(2), F.S., contains a similar prohibition against owning or operating a motor vehicle marked or identified in such a manner.[9]
While special officers appointed by the Governor pursuant to s.354.01, F.S., have been granted limited powers of arrest and to bear arms, they are not officers of a federal, state, county, or municipal law enforcement agency or other criminal justice agency as defined in s. 943.045, F.S., nor are they specifically designated by the statutes as "police."[10] As noted above, this office has been advised that while such special officers must meet the requirements of ss. 943.13-943.15, F.S., pursuant to s. 354.01, F.S., they are not certified as law enforcement officers.
In light of the above, I am of the opinion that ss. 843.081 and843.085, F.S., prohibit the use of the word "police" or flashing blue lights by special officers appointed by the Governor pursuant to s. 354.01, F.S.
RAB/tjw
[1] This office has been advised by the General Counsel's Office for the Governor that the Governor's Office concurs in your request for an opinion.
[2] See, Sunset Review of Railroads, Chapters 351, 354 and section 361.025, Florida Statutes, prepared by Staff of The Florida House of Representatives Committee on Regulatory Reform, November 1991 at p. 18. The report also states that lack of certification as a law enforcement officer precludes special officers from being able to carry concealed weapons except when they are on duty. Id. The 1992 Legislature, although continuing Ch. 354, F.S., in full force and effect, see, s. 7, Ch. 92-192, Laws of Florida, did not amend the substantive powers granted special officers appointed under Ch. 354, F.S.
[3] Section 843.081(1), F.S. And see, Ch. 91-163, Laws of Florida.
[4] Section 843.081(2), F.S. A limited exception is recognized by s. 843.081(3), F.S., for salesmen, service representatives, or other employees of businesses licensed to sell or repair law enforcement equipment.
[5] Section 843.081(4), F.S.
[6] Section 843.081(5), F.S.
[7] See, Santa Rosa County Board of County Commissioners v. Stephens, 585 So.2d 1067 (1 D.C.A. Fla., 1991) (where language of statute is clear and unambiguous, courts may not go beyond plain meaning of that language); Board of County Commissioners of Monroe County v. Department of Community Affairs,560 So.2d 240 (3 D.C.A. Fla., 1990) (where language of a statute is unambiguous, it must be accorded its plain meaning).
[8] See, e.g., s. 354.04, F.S., stating that such special officers shall not receive any fees or salary from the state or any county but that their compensation shall be agreed upon and paid by the carrier making application to the Governor for the appointment of such officers. Cf., Ch. 84-326, Laws of Florida, deleting a provision from s. 354.01, F.S. 1983, which stated that for purposes of ss. 943.13-943.145, F.S., the Governor shall be considered the employing agency of any person appointed thereunder.
[9] Section 843.085(3), F.S., prohibits a person from selling, transferring, or giving away badges bearing such words.
[10] Section 943.045(10), F.S., defines "criminal justice agency" to mean a "court" or a "governmental agency or subunit thereof which performs the administration of criminal justice pursuant to a statute or rule of court and which allocates a substantial part of its annual budget to the administration of criminal justice."