ON REMAND
PER CURIAM.
This cause returns to us pursuant to the mandate of the Florida Supreme Court issued January 28, 1993, in Bravo v. Gulf & Western Food Products, 611 So.2d 1248 (Fla. 1993), for reconsideration in the light of the recent decision in Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992) (Holder III), reversing this court’s prior decision, reported at 586 So.2d 1132 (Fla. 1st DCA 1991) CHolder II). In Holder III, the Florida Supreme Court, answering a question certified by this court, held that under the unique facts presented, section 440.19(l)(a), Florida Statutes, rather than section 440.28, governed Holder’s claim for temporary disability during knee replacement surgery and the impairment resulting therefrom, despite the fact that under an earlier order maximum medical improvement had been determined, and permanent disability compensation had been awarded and paid. 610 So.2d at 1265.
The “unique facts” of Holder III included the fact that under the prior compensation order, the judge- of compensation claims (JCC) had ruled that “if in the future appel-lee should require a total knee replacement, this would be solely for relief of symptoms resulting from the compensable accident.” However, the Supreme Court noted this language was stricken from the order by this court on appeal in Keller Kitchen Cabinets v. Holder, 397 So.2d 434 (Fla. 1st DCA 1981) {Holder I), although the order was otherwise affirmed. When Holder, some eight years later, presented his claims connected with his knee replacement surgery, the JCC was confronted by the employer and carrier’s (E/C) defense that the claim was barred by section 440.28, because it was not filed within two years of the last payment of compensation. The JCC was further confronted with the fact that the provision of the 1980 order concerning the need for future knee surgery had been stricken by the appellate court. Nevertheless, the JCC concluded, the claim was governed by section 440.19(l)(a), and was thus timely filed, since the E/C had provided continuing medical care up to the time of hearing on the claim. The Supreme *64 Court’s Holder III decision approved this ruling by the JCC.
In quashing this court’s decision reversing the JCC’s order, the Supreme Court reasoned that the only conceivable basis for this court’s striking of the language of the 1980 order had to be that any claim for benefits relating to the knee surgery was “premature and not ripe for adjudication” at the time of the 1980 order, as pointed out by Judge Zehmer in his dissenting opinion. 610 So.2d at 1267. Accordingly, the court concluded:
Modification is not required because a premature compensation claim, not ripe for adjudication, does not meet the required elements of identity in the thing sued for or identity of the cause of action necessary for application of the doctrine of res judica-ta. (Citations omitted). Likewise the doctrines of estoppel by judgment and law of the case have no application to a compensation claim that was premature at the time of the prior proceedings and therefore was not adjudicated.
Turning to the case before us, we note that in our prior opinion denying relief to the claimant, Bravo v. Gulf. & Western Food Products, 593 So.2d 1180 (Fla. 1st DCA 1992), we relied in part upon our prior holdings in University of Florida v. McLarthy, 483 So.2d 723 (Fla. 1st DCA 1985), and Holder II, supra. In our opinion we noted that the finding of “no permanent impairment” had been stricken by the JCC on rehearing of the August 2, 1984 order. We concluded, however, that the finding of maximum medical improvement (MMI) in the order, which was not appealed, precluded a claim for additional compensation benefits unless the claim was brought within the time allowed by section 440.28, Florida Statutes, which applies to modifications of prior orders. We specifically cited the McLarthy decision for the proposition that, generally, temporary total disability benefits are not available to an injured claimant once MMI has been reached, and we further cited McLarthy and Holder II as requiring a timely application for modification under section 440.28 after a finding of MMI.
Upon consideration, and in view of the Supreme Court’s holding in Holder III, we conclude that the finding of MMI in the August 2,1984 order, with no adjudication as to claimant’s permanent impairment, did not bar claimant’s filing of a claim for additional compensation for his temporary disability during periods of subsequent hospitalization and incapacitation resulting from his 1983 occupational disease. Instead, consistent with Holder, we conclude that claimant is entitled to maintain his claim filed August 15, 1989, under section 440.19(l)(a), provided it is determined on remand that the claim was filed within two years of the last furnishing of remedial treatment by the E/C.
Accordingly, we reverse the order below denying compensation benefits, and remand to the JCC for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
BOOTH, SMITH and BARFIELD, JJ., concur.